Good morning, Your Honors. May it please the courts, my name is Brett Zee from the State Appellate Defender's Office and I represent Robert Gacho in this matter. Your Honors, I'm going to focus my arguments on Issues 1 and 2 and stand on my briefs as to Issues 3 and 4, but if there are any questions from the court on those issues, I'd be happy to answer them. Way back in December 1998, Judge Bartucci granted Robert Gacho an evidentiary hearing on Gacho's post-conviction claim that there was a nexus between his trial and Judge Maloney's practice of soliciting and accepting bribes in order to fix criminal trials, including murder trials. And there were excellent reasons why Judge Bartucci granted that evidentiary hearing and they were so good in fact that the State even conceded at that point that an evidentiary hearing was warranted. And it was never held? How many years? It's been 13 plus years. How many attorneys? There's been a handful of attorneys on both sides. This is an embarrassment. I couldn't agree more and there's blame to spread around and I'm not putting it all in one place, but the bottom line is that Gacho was not at fault. Was Judge Cannon ever advised of the fact that Judge Bartucci had issued this order? That is not clear from the record, Your Honor. There's never a point in the record where Judge Cannon or someone affirmatively tells her on the record that Judge Bartucci granted this evidentiary hearing, but that's neither here nor there. The point is, is that the evidentiary hearing was. What do you mean it's not here nor there? Well, the substance of her argument is, but I'm saying that whether Judge Cannon knew or didn't know that an evidentiary hearing was granted, she still did not have the authority to make the decision that she did. And that's because there's nothing in the Post-Conviction Hearing Act, there's nothing in Illinois case law that interprets that act that would allow Judge Cannon to bypass Judge Bartucci's order granting that evidentiary hearing in the first place. Once a judge determines at the second stage that there's been a substantial showing of a constitutional violation, the case law is clear that that evidentiary hearing shall take place. If the state wanted to change its mind about conceding to this evidentiary hearing, or if they disagreed with Judge Bartucci's ruling, they could have filed a motion to reconsider that decision within 30 days. They did not do so. Instead, for various reasons, the case essentially entered into some kind of netherworld where it remained at second stage posture. Whether Judge Cannon knew that or not, it's not clear from the record. But the bottom line is that the state can point to no mechanism that's in the act or any law or anything else that allows Judge Bartucci's order to essentially be ignored. That would be horrible precedent for this court to say that where a trial court grants an evidentiary hearing and the state concedes to that, but the hearing never takes place, that there can just be a do-over for the state to re-argue a motion to dismiss. And furthermore, the state has no response to our argument that even if somehow this court agrees that Judge Cannon could legally do what she did, then the PC counsel for Goucho was completely unreasonable in failing to ascertain where the case was. When you're assigned to a case, the first thing you do, should be, is to figure out what posture the case is in. What happened before, where is it now, and where it's going. I think their file should have been on the top shelf, somebody's office. Someone should have known that an evidentiary hearing was granted. The judges that came to the case subsequent should have, but the record isn't clear why they didn't know, but it's undisputed that the hearing did not take place. So the simplest course for this court is to just merely remand the case for that evidentiary hearing that Judge Bartucci granted 13 years ago. That's the cleanest way for this case to be absolved at this point. But if not, if the court thinks that Judge Cannon could do what she did, then we have an unreasonable assistance argument from PC counsel that the state has no response for. For either of those reasons, it should be remanded. But even if this court wants to get into the substance of Gaucho's claim at this point, then Judge Cannon's decision to dismiss the petition at the second stage where the affidavits attached to the petition are unrebutted, the court has to assume that they're true. That petition substantially showed that there's a nexus between Maloney's actions and Gaucho's trial. And there's a couple main points there. Judge Cannon and the state piggybacks on these arguments in its response is that they point out that there was a jury trial for Gaucho, it wasn't a bench trial, and they also argue that Gaucho can't point to a specific ruling that Maloney made that would demonstrate his impartiality in the case. But the case law is clear, looking at Cartolino, Hawkins, Flair, all of these cases stand for the proposition that you can prove that actual bias from without pointing to a specific action that the judge in that case made. Instead, you can show by, if there's a compensatory bias that you can show, that's enough to prove the same bribery scheme that's involved in this case. A payment is made to the judge, the co-defendant is found not guilty in a bench trial, Cartolino is found guilty in a jury trial, the court looked at that situation and said, it doesn't matter that the defendant cannot point to a specific ruling that the judge made in the jury trial, the question is whether they were impartial. If there was a chance that the judge in that situation couldn't hold the balance of the parties and the magic phrases nice, clear, and true, then that's enough to show actual bias because you've shown a compensatory bias. And here, we have the same situation. The unrebutted affidavits attached to Gaucho's post-conviction petition show that there are two bribes at issue. One is the $10,000 bribe that was paid to the judge in co-defendant Titone's case. That's a fact. It's unrebutted. Maloney's federal conviction for these actions is well documented. I'm not going to recount them here. The affidavits show that there was a $60,000 bribe solicited to Maloney from Gaucho's counsel that's supported by affidavits from Gaucho's mother and aunt about the existence of this solicited bribe. Gaucho couldn't come up with the money. So there's two bribes at issue here. And both of them show that there is that nexus between Maloney's conduct in other cases and Gaucho's case in particular. And just going into why there's this kind of second prong to actual bias to where you don't have to show a specific ruling, it makes sense in particular with someone like Maloney where his history of corruption is well documented. No judge is going to admit that they were impartial or admit that they accepted bribes. And Maloney is no exception. But it's not a far reach for someone like Maloney to judge his decisions maybe in a plausible manner. For example, when he denied Gaucho's motion to suppress his written confession. But then the actual reasons for his decision being because of the bribe or impartial. You can't get in the judge's head. Just the taint of this should call into question. You can't get rid of the taint. I mean, the Seventh Circuit I think put it best where there is a presumption that they're impartial, and rightfully so. But someone like Maloney with his history of bribery and corruption, that's completely rebutted. The presumption that he was impartial is blown out of the water. If the court doesn't have any further questions, I'll conclude briefly. Your Honors, the right to a fair trial before an impartial judge is nothing. It means nothing if it's not a right that courts are willing to enforce. And that right applies to not only the law-abiding citizen, it also applies to criminal defendants who try to bribe a judge, and no matter what the strength of the evidence might be against that defendant. This court should remand Mr. Gaucho's case for an evidentiary hearing that Judge Bartucci ordered 13 years ago, and its failure to do so would be a profound injustice. Even if this court decides to get into the substance of Gaucho's post-conviction claim at this point, then because it was at the second stage, this court has to presume the truth of those affidavits that are attached to his petition. They are unrebutted by the record, and also for that reason, the case should be remanded for an evidentiary hearing. Thank you. Good morning, Your Honor. My name is Bill Taffanetti. I'm an Assistant State's Attorney for Cook County. It is the defendant's burden, it is the defendant's obligation to maintain control over his own case, to keep track of his own case, to... You think it was ineffective assistance of trial counsel to fail, utterly fail, not trial counsel, post-conviction hearing counsel, to never say to the judge, by the way, Judge Cannon, there was an order entered X number of years ago saying, we're entitled to, and I believe at some point in time the state agreed with that. We're entitled to a hearing. Right. That was ordered. Yes. It was never held. The point I was endeavoring to make is that I don't think this court can simply remand because of an order that was issued 13, 14 years ago. What it can do is address the question of ineffective or unreasonable assistance of post-conviction counsel,  Why can't we send it back for a hearing? Because the defendant came into court, having lost track of his own case, he came into court and filed a pleading that had already been filed and litigated, essentially giving the state an invitation to file a motion to dismiss, which the trial court then heard a hearing on and granted. And that's the posture that the case comes before the court. Of course, the judge at that time was not made aware of the real status of the case. That's correct. That's correct. That is why if the court is going to look at this issue, it has to do so under the guise of ineffective or unreasonable assistance of post-conviction counsel and not simply to restore the defendant's status quo ante. There has to be a legal basis, and the legal basis for overturning the judge's ruling would only be unreasonable assistance. Now, I'm willing to grant that somebody dropped the ball here. More than one. He had them up. But this comes from the defendant's side of the courtroom, not our side. So it's up to the defendant to assume the burden of demonstrating not just the unreasonable assistance, but that this prejudiced him somehow. He has to demonstrate that this hurt him, and not merely by denying him a hearing, because we don't have hearings simply for the sake of having hearings, but that there was a reasonable chance, there's a likelihood that he would have prevailed at that hearing. And that is where he falls. That's where he comes up short, because he cannot make a prima facie case that Judge Maloney, that there was a nexus between Judge Maloney's corruption and anything that happened at his trial that resulted in his conviction. Dino Titone tried to bribe the judge, and the judge ended up convicting him because he was afraid he was under investigation. Shouldn't we stop there? Stop there? No. Because what happened to Titone is not connected to what happened to Gaccio. The compensatory biased argument would only hold water if Titone was acquitted, because the judge said that Gaccio and Sorrentino would have to go down before he could acquit Titone. Once he convicts Titone in a bench trial, he loses all motivation for compensatory bias against Gaccio. In fact, that's the way you can distinguish this case from Cardolino. In Cardolino, the exact same scheme was set up, but the co-defendant in Cardolino was convicted in a exist in our case. The fact that it is a jury trial is important because a judge can't simply tell the jury to find the guy guilty in spite of the evidence. The jury hears the evidence. The jury hears the arguments of counsel. The jury is instructed on the law. The jury is presumed to follow the instruction. The jury deliberates, and it's reasonable to presume that the jury's verdict is valid unless the defendant can show something in the record that calls to any question. The jury is enough to protect the sanctity of the judicial system under these circumstances. If you take it on a case-by-case basis, then yes, in this case it is, because the Supreme Court examined this case on direct review and found there was no reversible error in the evidentiary, the guilt phase. It did find reversible error in the sentencing phase and sent the case back for resentencing where Robert Gaccio got sentenced to life. That makes it similar to Bracey and Collins versus Shulman, in which the exact same thing happened. And in that case, the district court judge went through the entire trial record looking for something in the record that would indicate an unreasonable ruling, a biased ruling, something that could influence the jury against the two defendants and found nothing. But he went through the record in the sentencing phase and found that there was improper arguments that the judge allowed, exactly as it happened in Gaccio. And in that case, the Seventh Circuit said that they were able to show the nexus and the actual bias that is required, but only in the sentencing portion, okay? And that is what you have in our case. You have a record that nobody, nobody has been able to point to and say there is an indication of actual bias, a nexus between Judge Maloney's admitted corruption and the conviction of the defendant, okay? And without that showing, without that showing, you have a record that nobody has been able to point to and say there is an indication of actual bias, a nexus between the two defendants and the conviction of the defendant, okay? And without that showing, you have a record that nobody has been able to point to and say there is an indication of actual bias, a nexus between the two defendants. The defendant sat on his rights for years and then came in not knowing the posture of his case, okay? And defending himself, the guy sitting down in Menard or wherever he is, he has the right to keep track of his case and to talk to his attorneys. I mean, he didn't contribute anything to anything but the error. We are not simply saying that we're going to, we want to screw the defendant over here. What we are saying is that... How many years? How many years? I think, I think, I think screwing the defendant is an understatement. No, absolutely not. Even if he didn't complain. But look at this. Look at it this way. Maybe he liked it. He got a second stage hearing on his petition. He got a right to present his allegations that he was a victim of Maloney's corruption to the circuit court judge. And this time, the state didn't, decided to file a motion to dismiss. And we won and he lost. Okay. Now, on the motion, on the merits of that, the defendant cannot demonstrate that he deserves a hearing. Irrespective of the fact that somebody somewhere 13 years ago... Isn't that what he did before Judge Bertucci? A lot of time has passed. Yeah. A lot of time has passed. I'm sure Mr. Picasso is fully aware of that. And the dust has settled. And we can take a more dispassionate look at the situation. So we should just say, yeah, you know, it was a do-over. Is it necessary? That do-over was occasioned by the defendant. Not by the judge. Not by the state. By the defendant. And to say that he can now just come back into court as if none of this time has passed and have a hearing. I mean, you know, we're looking at a hearing that should have been held in 1998. All right. And it's now 2012. Is that hearing even possible anymore? Are the witnesses still alive? What happens if the court decides that it's the state's burden, as at least one Seventh Circuit decision requires? Do we get a chance then to plead in the circuit court, you know, a latches argument? Or do we have to just say, sorry, but everybody's dead. And therefore, defendant wins. This delay was occasioned by the defendant for whatever reason. It is his fault. And he has to pay a price for that. And that price is for this court to look at the record in its entirety. And make a decision as to whether or not he can justify having a hearing in light of all of the facts of this case. Not in light of what happened 13 years ago. But what the present posture of the case right now. Give me your best case. Bracey and Collins versus Shomig is probably the best one. Thank you, Your Honor. Thank you. Rebuttal? Thank you, Your Honors. I'll be extremely brief. I just want to address a couple of quick things. First of all, there's no, counsel can point to nothing that supports his argument that it's the defendant's burden and the defendant's fault here for waiting 13 years for his evidentiary hearing. The fact of the matter is that he didn't know he was awarded an evidentiary hearing until his jailhouse lawyers looked at the transcripts. So to hold him responsible for that is ridiculous. Second, it doesn't matter that his co-defendant was acquitted. It's an unrebutted fact that Maloney accepted the bribe in that case. And Hawkins' case makes it clear that even if there is an acquittal, as Your Honor put it, the taint is still there. That makes the nexus that Gaucho has to prove. And finally, the parade of horribles that counsel puts forth about how this evidentiary hearing is going to take place, whether the state has witnesses, that's not Gaucho's responsibility or fault. He still ultimately has the burden to win at the evidentiary hearing. He's got to put on the evidence. So the state's argument there is pretty meaningless. For all those reasons, Mr. Gaucho respectfully requests this Court to grant him the evidentiary hearing that he was awarded more than 13 years ago. Thank you. Counsel, thank you. The matter will be taken under advisement. The Court stands in recess.